UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

SEAN LOPEZ

No. 26 CR 198

Judge Elaine E. Bucklo

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. **The Sensitive Materials:** Certain materials, marked as "Sensitive," provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Sensitive Materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. These Sensitive Materials contain personal identifying information of one or more persons other than the defendant and information that could threaten the safety and privacy interests of victims, witnesses, and third parties if released. These materials shall be plainly marked as "Sensitive" by the government prior to disclosure.

a. Certain of the Sensitive Materials, if disseminated, are significantly likely to endanger the safety and reputational interests of witnesses,

persons who provided information to law enforcement, and/or victims. Certain of the Sensitive Materials to be disclosed by the government may also contain particularly sensitive information, including information concerning the sexual abuse of one or more persons other than the defendant. Any such materials marked by the government as "Specially Restricted Materials" are subject to all of the restrictions that apply to the Sensitive Materials, as well as additional restrictions, discussed below. These materials shall be plainly marked as "Specially Restricted Materials" by the government prior to disclosure. Certain of the Sensitive Materials may not be shown to the defendant, potential witnesses, or their counsel in any format, nor may counsel inform defendant, potential witnesses, or their counsel of the contents of materials. These materials shall be plainly marked as "Attorneys' Eyes Only."

2.  **Limits on Disclosure:** Defendant and defendant's counsel shall not disclose the Sensitive Materials <u>or their contents</u> directly or indirectly to any person or entity other than (a) defendant, (b) persons employed to assist in the defense, (c) persons who are interviewed as potential witnesses, (d) counsel for potential witnesses, and (e) other persons to whom the Court may authorize disclosure (hereinafter, individuals other than defendant referred to, collectively, "authorized persons"). Defendant's counsel shall not copy or reproduce the Sensitive Materials except in order to provide copies of the materials for use in connection with this case, within the limits of this Protective Order. Such copies and reproductions shall be treated in the same manner as the original Sensitive Materials. Potential witnesses

2

and their counsel may be shown copies of the Sensitive Materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. **Defense Counsel's Responsibility to Advise Persons of this Order:** Before the Sensitive Materials <u>or their contents</u> are provided directly or indirectly to defendant or an authorized person, defense counsel must advise the defendant or authorized person of this Order and provide that person with a copy of this Order.

4. **Limits Regarding Items Designated as Specially Restricted Materials:** In addition to being subject to all of the restrictions pertaining to the Sensitive Materials, materials designated as "Specially Restricted Materials" may not be given to the defendant in any format. Counsel for the defendant may show "Specially Restricted Materials" to the defendant, but defendant may not make copies or notes of such materials, nor may defendant retain such materials.

5. **Limits Regarding Items Designated as Attorney's Eyes Only:** In addition to being subject to all of the restrictions pertaining to the Sensitive Materials, materials designated as "Attorneys' Eyes Only" may not be shown to the defendant, potential witnesses, or their counsel in any format, nor may counsel inform defendant, potential witnesses, or their counsel of the contents of materials designated Attorneys' Eyes only.

6. **Limits on Filing Sensitive Materials:** Absent prior permission from the Court, copies, in whole or in part, of information marked as "Sensitive" or

"Specially Restricted Materials" shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

7. **Limits on Publicly Identifying Certain Third Parties Identified in the Sensitive Materials:** The Sensitive Materials will identify victims, witnesses, and individuals who provided information to law enforcement. The names (full, partial, or initials) of such individuals, other than law enforcement officers, shall not be included in any public filing with the Court, and instead shall be submitted under seal.

8. **Copies to Be Treated as Originals:** Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the Sensitive Materials except in order to provide copies of the Sensitive Materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

9. **Notes to Be Treated as Originals:** Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Sensitive Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

10.     **Disposal of the Sensitive Materials:** Upon conclusion of all stages of this case, all of the Sensitive Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Sensitive Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. Defendant may not retain copies of the Sensitive Materials. The Court may require a certification as to the disposition of any such materials. In the event that the Sensitive Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the Sensitive Materials may not be disseminated or used in connection with any other matter without further order of the Court.

11.     **Mistaken Production:** To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

12.     **Exceptions:** The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings

5

in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

13.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_Elaine E. Bucklo_

ELAINE E. BUCKLO
DISTRICT COURT JUDGE
United States District Court
Northern District of Illinois

Date:   June 10, 2026

6